BUCKINGHAM & Co., use of BENJAMIN S. CLARK v. ELIZABETH MURRAY'S Executor.

*Guarantee—Original Undertaking.*

A note written to the plaintiffs by the defendant, requesting them to let a third person have what goods he requires and oblige the writer, is not a guarantee, but an original undertaking, and the goods thereupon furnished may properly be charged to and recovered from the defendant.

Nevertheless, if the plaintiffs looked for payment primarily to the person receiving the goods, and only secondarily to the person making the request, the writing then becomes a guarantee, and the plaintiffs cannot recover against the defendant without having notified her of the acceptance of the guarantee.

(*New Castle, November, 1884.*)

ASSUMPSIT for goods sold and delivered, part of them to Elizabeth Murray, deceased, during her lifetime, and a part of them on her order to James Murray.

Frank E. Herbert proves the signature of Elizabeth Murray to a note written by her to the plaintiffs, requesting them to let James Murray have what goods he requires and oblige her. Dated

Feb. 22, 1882. And also the following, "To Messrs. Bucking-ham & Bro. and whom it may concern: You are hereby notified not to trust one on my account either by an order or otherwise.

Dated Nov. 1, 1882.   Yours, &c., ELIZABETH MURRAY."

The plaintiffs then proceeded and proved by their books of original entries the sale and delivery of sundry goods and merchan-dize between those dates to James Murray, some of which had in the meantime been paid for by him, and bills therefor charged to James Murray at the rate of four or five bills a month and amount-ing in the aggregate to $704.73.

*Edward G. Bradford,* for defendant:

Moved for a non-suit. The declaration is on a promise by the deceased, Elizabeth Murray, to pay for goods sold and delivered to James Murray at her instance and request, but there is no proof that the guarantor had any notice of the acceptance of the guarantee from the plaintiffs, which was necessary if it was a con-tinuing guaranty. *Brown on the Statute of Frauds,* Secs. 194–197; *Brant on Suretyship,* Secs., 157, 158; 95 Mass., 136; *Rev. Code,* 356, Sec. 7; 40 *Law Libr.,* 39; 39 N. H., 259; *Pitman on Guar-anty,* 40 *Law Libr.,* 28, 29.

*Lore,* in reply, referred to 95 Mass., 136; *Brant, &c.,* Secs. 157, 158; *1 Smith's, Ld. Cases,* 505.

*George H. Bates,* for defendant:

The narr as filed, and until the common conts were added a day or two since, was clearly on an alleged collateral promise by Elizabeth Murray to pay for goods to be sold and delivered to James Murray. *Brant, &c.,* Sec. 64; *Brown, &c.,* Sec. 198; *Pit-man on Guaranty,* 40 Law Libr., 28, 29; *Brant, &c.,* Sec. 159, Sec. 63. If any credit is given to any extent to a person receiving the goods, it is a collateral undertaking, *95 Mass.,* 136, 39 N. H., 259.

*Charles B. Lore* and *Harry Emmons,* for the plaintiff, asked the court to charge the jury that if the goods were sold to James Murray on the credit of Elizabeth Murray, then it was an original

and not a collateral undertaking on her part to pay for them, and the plaintiffs would be entitled to recover in the action.

*George H. Bates,* for defendant, asked the court to charge the jury as follows:

That the paper dated February 22, 1882, is a *collateral* and not an original promise by the defendant's testator, and that said paper was not a sufficient authority to the plaintiffs to deliver the goods in question to James E. Murray and to make an original charge for them against Elizabeth Murray.

That if the jury believe, upon the evidence, that any credit was given to James E. Murray, then that the paper of February 22d is a collateral and not an original promise.

That a charge to Elizabeth Murray on the books of the plaintiffs, of goods delivered to James E. Murray is not evidence in favor of the plaintiff upon the question to whom credit was given.

That the paper dated February 22, 1882, is not a sufficient promise within the Statute of Frauds to sustain an action against Mrs. Murray to answer for the debt of James E. Murray.

That said paper was, at best, a mere proposition looking to a guarantee, and there being no evidence of notice of an acceptance of the same by the plaintiffs, they cannot recover.

That the said paper was neither a continuing guarantee nor a continuing order, and therefore that it cannot sustain an action for goods sold and delivered to James E. Murray, except the first bill of goods delivered to him, which being long since paid for, as admitted by plaintiff's credit there can be no recovery in this action.

COMEGYS, C. J., charging the jury:

Gentlemen of the jury—This case is now about to be committed to you for decision; and it is therefore proper that I should state to you what the law is with respect to it, so that you may the better understand the significance and value of the facts shown by the papers in evidence and the testimony of the witnesses.

Every case tried before a court and jury, is presented by a statement of the plaintiff's claim. This is made by what is called a declaration—which generally presents it in several forms. These forms are called counts. In this case there are two of the latter.

The first seeks to charge the defendant as upon a contract of guarantee for goods furnished.   This is a count upon a special contract. The other is several claims in one count, called the common money counts in an action like the present, one of which claims is for goods, wares and merchandise sold and delivered by the plaintiff to the defendant.

The suit was begun against Elizabeth Murray in her lifetime. She died, however, and it was continued against her executor, the defendant, who became party to it.   He is therefore the defendant, but as executor only, the claim being against the deceased's estate.

The foundation of this case is the following writing made and signed by the deceased and delivered to the plaintiffs in this action to whom it was addressed :

A note written by Elizabeth Murray to the plaintiffs requesting them to let Jmaes Murray have what goods he requires and oblige.

Dated Feb. 22, 1882.

It was proved as being in her handwriting, and there is no dispute with respect to that.   In the declaration of the plaintiff it is treated as a guarantee, or offer rather to become liable for such goods as James E. Murray might require, in case he did not, himself, pay for them ; and such the defendant's counsel insists that it is.   But the plaintiff denies, in this trial, that it is such an instrument, and having, since the court met, filed, under the statute, the common counts before spoken of, he rests his claim entirely upon that one of them for goods sold and delivered.   As, however, the defendant insists that the paper which I have read is a guarantee, it is necessary you should know the mind of the court upon that point : for should it be a guarantee, the plaintiff would not be entitled to recover in this action.   A guarantee is an agreement by one person to answer to another for the debt, default or miscarriage of a third person.   The most usual example of it is, where one undertakes, if another will trust a third person, to pay the debt contracted by such third person, if the debtor should not do it.   Such guarantees are strictly offers, to a proposed creditor, to become ultimately answerable for the debt of another, if the creditor will trust him.   Such an offer does not, of itself, make a valid contract ; but, if

accepted by the party to whom it is made, and notice of his accept-
ance be given to the offerer, it becomes then a binding agreement in
law.    The contest between the parties, with respect to the nature
of the paper in question, requires that this much shall be said to
you, in order that you may understand the decision of the court,
which is, that the paper is not a guarantee, but a writing out of
which in this case arose a contract, in contemplation of law, on the
part of the maker of it, to become liable as a debtor for such goods
as the plaintiffs might deliver to James Murray upon his requir-
ment.    Having determined this, it might seem that there was
nothing for you to do but render a verdict for the plaintiff for the
amount of his claim, there being no dispute about such amount.
But the defendant's counsel insist, that the plaintiffs were not war-
ranted by the nature of the paper, in charging the defendant's
testator with the goods supplied to James Murray.    We think
otherwise; but the question is still open whether the goods were
furnished upon the credit of the deceased as an original debtor, or
upon that of James Murray with the idea that they had to look to
him first for payment.    If such was their idea, then the bills fur-
nished him together with his testimony, would be evidence of that
fact: if it was not their idea, then the charges in the plaintiffs'
book of accounts, and the testimony of one of the plaintiff's
would be evidence to the contrary.    Now in all cases, in this as
well as in others, decision upon matters of fact is entirely for the
jury.    Bearing in mind therefore the fact that the court has de-
cided the paper, which I have read, to be an original undertaking,
according to which the goods delivered to James Murray might be
charged to Elizabeth Murray, and she be looked to primarily, for
payment for them (in fact they seem to have been charged to her,
according to the account book) yet the charges so made are not con-
clusive upon the point to whom the credit was given, but that, like
all other points with respect to matters of fact, is determinable as
well by circumstances as by direct proof.    Recognizing therefore
the apparent force of the fact that the entries in the book of
accounts of the plaintiffs corresponds with the character of the
writing as we have stated that character to be, and also taking into
consideration the other paper signed by Mrs. Murray, in proof
before you, as before said, there is still upon the question whether

or not the plaintiffs treated and considered James Murray as liable to them at all. If they did, the defendant is not liable to them as Executor of Mrs. Murray, nor was she liable in her lifetime. In dealing with this question, you are to take into consideration the testimony of one of the plaintiff's who was examined, that of James E. Murray and also the paper proved in the case, which is the notice produced by the plaintiffs given by the deceased to Buckingham Brothers, and to those whom it might concern :

Which notice is in these words :

"To Messrs. Buckingham & Bro., and whom it may concern : You are hereby notified not to trust one on my account either by an order or otherwise.

Yours, &c.,

ELIZABETH MURRAY.

Dated Nov. 1, 1882."

Having considered all the testimony and proof on both sides, calmly and impartially, if you should find for the plaintiffs, your verdict should be for the amount claimed by them, as corrected by some receipts accidentally omitted to be produced by the defendant, but afterwards shown by him and admitted by the plaintiffs, which amount is the sum of $631.66.

If you should not find for them, but for the executor, your verdict should be, simply, for the defendant.

I further say to you that in civil cases, as this is, where there is conflict of evidence, a jury should decide in favor of the party on whose side there is, in their judgment, the greatest weight of evidence. Cases involving no criminal matters are to be decided by the preponderance or superior weight of the evidence, and not upon any question of reasonable doubt, which alone has force in criminal cases. Therefore give your verdict for whichever party the law and the evidence require you to decide in favor of.

Verdict in favor of the plaintiff.